UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ABDIAS ABISAI FONSECA FERNANDEZ,

Petitioner,

v. Case No.: 2:26-cv-02806-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

_________________________________/

**OPINION AND ORDER**

Before the Court are Abdias Abisai Fonseca Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Fonseca Fernandez is a native and citizen of Honduras who fled his home country due to threats from a gang he refused to join. He lawfully entered the United States under the CBP One program on June 3, 2024. Customs and Border Protection (CBP) commenced removal proceedings by issuing a notice to appear and paroled Fonseca Fernandez into the country. On June 12, 2025, an immigration judge ordered Fonseca Fernandez removed to Honduras. Fonseca Fernandez appealed, so the removal order is not administratively final. On May 15, 2026, Florida Highway Patrol officers arrested Fonseca Fernandez during a traffic stop and handed him over to Customs and Border

Patrol. The officers did not charge Fonseca Fernandez with any crimes or traffic infractions. In fact, he has no criminal history at all.

Fonseca Fernandez claims his detention without process violates the Fifth Amendment. In response, the government confirms it will not conduct a bond hearing because it considers Fonseca Fernandez an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Fonseca Fernandez's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Fonseca Fernandez's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Fonseca Fernandez is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this

circuit). Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Fonseca Fernandez's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. The government makes no effort to show that Fonseca Fernandez's detention serves either purpose. The record is devoid of any evidence suggesting Fonseca Fernandez is a flight risk or a danger to the community. He has engaged with the immigration process by entering the country with the government's permission and participating in his immigration case, there is no evidence he has evaded immigration officials or other law enforcement, and he has no criminal history whatsoever.

For these reasons, the Court finds that the government violated Fonseca Fernandez's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby **ORDERED**:

Abdias Abisai Fonseca Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Fonseca Fernandez and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 28, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record